JOURNAL ENTRY AND OPINION
{¶ 1} Emmanuel Hakim ("Hakim") appeals the trial court's decision denying his motion to suppress. Hakim claims that Cleveland Metropolitan Housing Authority ("CMHA") police officers illegally patted down and searched his person and, therefore, the recovered contraband should have been suppressed. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On January 24, 2004, members of the CMHA Police Department went to the apartment of Melissa Snyder ("Snyder") located at 17925 Parkmount Avenue, Cleveland, Ohio. The officers were responding to numerous complaints of drug activity at this location. Four officers responded to the location, two went to the front door, and two went to the back door. Detective James Harris ("Detective Harris") knocked on the back door and Snyder answered. Detective Harris advised Snynder *Page 3 
as to why they were there and asked to speak with her. Snyder invited the officers inside her apartment.
 {¶ 3} Once inside the apartment, Detective Harris observed a second female in the kitchen of the apartment and two males sitting on the couch located in the living room. While Detective Harris was speaking with Snyder, he observed Hakim, one of the two males on the couch, making a furtive movement. Specifically, Detective Harris observed Hakim take his hand and shove it in the rear of his back area while he was sitting on the couch. Detective Harris told Hakim to stop making these movements, but Hakim continued to shove something behind his back. Detective Harris radioed to Detective Thomas Williams ("Detective Williams") for assistance.
 {¶ 4} Detective Harris instructed Detective Williams, who had been waiting outside, to secure Hakim. Detective Harris stated that his immediate concern was that Hakim was armed and wanted Detective Williams to ensure the safety of the officers as well as the other occupants of the apartment.
 {¶ 5} Detective Williams ordered Hakim to stand and began to pat him down. While doing so, Detective Williams felt a hard object in Hakim's jacket pocket. When asked what this item was, Hakim remained silent. Detective Williams also felt a large plastic bulge near Hakim's back area that Hakim stated was "weed." Detective Williams ordered Hakim to remove the marijuana, at which time Hakim admitted that the drugs were actually crack cocaine. Hakim then handed over a *Page 4 
plastic baggie containing approximately twenty-two rocks of crack cocaine. Detective Williams advised Hakim of his rights and recovered a metal scale with cocaine residue from Hakim's jacket pocket.
 {¶ 6} Both detectives testified that it was Hakim's furtive movements that signaled him out for a search. Detective Harris stated that had it not been for Hakim's actions, the officers merely would have informed Snyder of the complaints and left the apartment.
 {¶ 7} A Cuyahoga County Grand Jury returned an indictment charging Hakim with trafficking in drugs, two counts of possession of drugs, and one count of possession of criminal tools. Prior to trial, Hakim filed a motion to suppress, and after an oral hearing on the matter, the trial court denied the motion. Hakim pleaded no contest to the indictment and the trial court found him guilty of all charges. The trial court then sentenced Hakim to seven years in prison. Hakim appeals, raising a single assignment of error.
 "The trial judge erred by overruling the defense motion to suppress the illegal pat down, search, seizure and subsequent unlawful arrest of the appellant."
 {¶ 8} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. When considering a motion to suppress, the trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. Id. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by *Page 5 
competent, credible evidence. Id. Accepting these facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. Id.
 {¶ 9} In Terry v. Ohio (1968), 392 U.S. 1, 20, the United States Supreme Court held that a police officer may make a brief, warrantless investigatory stop of an individual without probable cause where the officer reasonably suspects that the individual is or has been involved in criminal activity. Additionally, under Terry, a limited protective search of the detainee's person for concealed weapons is justified only when the officer has reasonably concluded that "the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." Id. at 24.
 {¶ 10} In State v. Evans, 67 Ohio St.3d 405, 407-408, 1993-Ohio-186, the Ohio Supreme Court stated as follows:
 `"The purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear or violence * * *.' `Where a police officer, during an investigatory stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others.'" (Internal citations omitted.)
 {¶ 11} Additionally, the Evans court also stated that the right to frisk may be "virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." Id. at 405. *Page 6 
 {¶ 12} In the present case, Hakim does not question the officer's authority to conduct an investigatory stop, he limits his argument to the officer's authority to conduct a pat-down search of his person.
 {¶ 13} The evidence in the record reveals that Detective Harris did have a reasonable suspicion that Hakim may have been armed or dangerous. Detective Harris and three other CMHA police officers reported to Snyder's apartment in connection with complaints of drug activity from that location. When Detective Harris entered the apartment, with Snyder's permission, he observed Hakim making shoving gestures behind his back. Detective Harris ordered Hakim to stop moving, but Hakim continued to make shoving motions behind his back. Detective Harris testified at the suppression hearing that in his ten years as a CMHA police officer, he commonly encounters guns and other weapons while investigating drug activity. In addition, Detective Harris testified that when he ordered Detective Williams to pat-down Hakim, his immediate fear was that Hakim was armed.
 {¶ 14} Moreover, although not argued by Hakim, Detective Williams was justified in seizing the crack cocaine from Hakim's person. When Detective Williams patted down Hakim, he felt a bulge. When Detective Williams asked Hakim what the object was, Hakim responded that it was "weed." In Minnesota v. Dickerson (1993), 508 U.S. 366, 113 S.Ct. 2130, the United States Supreme Court held that police, while conducting a lawful Terry-type search, may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer *Page 7 
through his sense of touch. Although Detective Williams did not testify whether he immediately knew the bulge in Hakim's clothing was contraband, Detective Williams remained within the bounds of the law when he asked Hakim what it was. When Hakim responded the bulge was drugs, Detective Williams asked Hakim to hand the drugs over and Hakim complied. Therefore, Detective Williams was within the law when he seized the rocks of crack cocaine.
 {¶ 15} In short, the evidence in the record justifies the protective pat-down search of Hakim for weapons. Accordingly, we affirm the decision of the trial court denying Hakim's motion to suppress.
 {¶ 16} Hakim's sole assignment of error is overruled.
 {¶ 17} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 FRANK D. CELEBREZZE, JR., A.J., and PATRICIA A. BLACKMON, J., CONCUR. *Page 1